UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-7308-RGK (KS)                                     Date: September 24, 2019

Title   *Jose Luis Carbajal v. J. Sullivan*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

              Gay Roberson
              Deputy Clerk                                Court Reporter / Recorder

       Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) SECOND ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 22, 2019, Jose Luis Carbajal ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  The Petition presents one ground for habeas relief:  the Los Angeles County Superior Court deprived Petitioner of due process when it held a resentencing hearing pursuant to California Penal Code § 1170(d) but "fail[ed] to follow the established resentencing procedures set forth under that provision." (Petition at 5.)  The Petition indicates that Petitioner has not presented this claim to any state court. (*See generally* Petition.)  On August 27, 2019, this Court ordered Petitioner to show cause why the Petition should not be dismissed as a wholly unexhausted petition.  (Dkt. No. 5.)  The Court explicitly instructed Petitioner that if he wished to continue prosecuting the Petition, he needed to demonstrate that the exhaustion process was complete, or, if it was not, to seek a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  On September 20, 2019, Petitioner filed his response to this Court's order to show cause, arguing that the burden is on Respondent to plead non-exhaustion as an affirmative defense. (Dkt. No. 6.)  Petitioner does not argue that he has exhausted all available state judicial remedies.

Petitioner is incorrect and, as the Court stated in the first order to show cause, he must affirmatively demonstrate that he has exhausted the available state judicial remedies.  *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982) (holding that a habeas petition is subject to dismissal where petitioner has not exhausted available state judicial remedies); *see also* 28 U.S.C. § 2254(b)(1) (providing that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant").  To prosecute the Petition

in this Court, Petitioner must "fairly present" his federal claim to the California Supreme Court, that is, give that court a fair opportunity to consider and correct violations of Petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

Though we instructed him to do so, Petitioner does not state that he has presented his claims in state court, and, consequently, the Petition is still subject to dismissal for failure to state a claim upon which relief may be granted. *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party); Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2.

In light of the foregoing, and in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE no later than October 15, 2019** why the Petition should not be dismissed as a wholly unexhausted petition. To discharge this Order, Petitioner shall file <u>one</u> of the following no later than the October 15, 2019 deadline:

**(1)** a Response to this Order that establishes that the exhaustion process is complete – that is, that the California Supreme Court has considered and adjudicated Petitioner's claims for relief, either on direct appeal or habeas review;

**(2)** a signed document entitled Notice of Voluntary Dismissal[1]; or

**(3)** a request for a stay pursuant to *Rhines* that establishes <u>all three of the following</u>: (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v.*

---

[1]   Under this option, to pursue federal habeas proceedings, Petitioner, once the state exhaustion process is complete, would have to file a new and fully-exhausted federal habeas petition containing all his exhausted claims. Petitioner is cautioned that any such new federal habeas petition he might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

*Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*"); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) (discussing the good cause standard for a *Rhines* stay).

Petitioner may also choose to state in his Response "I wish to receive a *Rhines* stay but, if my request for a *Rhines* stay is denied, then I wish to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1) instead." However, this statement is not, without more, a sufficient basis for a *Rhines* stay.  **Any request for a *Rhines* stay must satisfy the three part standard set forth above**.

**If Petitioner fails to file a response that complies with this Order by the October 15, 2019 deadline, the Court <u>will</u> recommend dismissal of this case without prejudice. Petitioner will not be given a third opportunity to show cause why the Petition should not be dismissed as wholly unexhausted.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |